**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO**

Case No.: 23-cv-2264

**ISAAC JIMENEZ, an individual,**
        Plaintiff

v.

**MARK BURANDT, a Federal Heights Police Officer, in his individual capacity,**
        Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

**COMES NOW,** Plaintiff Isaac Jimenez by and through counsel, Baumgartner Law, LLC, respectfully submits this Complaint against the Defendant and alleges the following:

**JURISDICTION AND VENUE**

1.        This action is brought pursuant to 42 U.S.C. §1983, and §1988, the Fourth and Fourteenth Amendments to the United States Constitution, as well as C.R.S. §13-21-131, and Article II, Section 7 of the Colorado Constitution. Jurisdiction is founded upon 28 U.S.C. §1331, §1343(a)(3) and (4), and §1367.

2.        Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. §1391(b) because the Defendant is a citizens and resident of Colorado, and the events, acts and/or omissions giving rise to this action occurred in Colorado.

**PARTIES**

3.        Plaintiff Isaac Jimenez is and was at all relevant times a citizen of the State of Colorado, residing in Colorado.

4.        Defendant Officer Burandt is or was at all times relevant a citizen of the State of Colorado,

employed by the Federal Heights Police Department.

## GENERAL ALLEGATIONS

5.   Plaintiff incorporates by reference herein all preceding allegations set forth in this Complaint.

6.   Plaintiff was walking out of Platinum 84 when Platinum 84 staff began beating him as a result of another person in Plaintiff's group punching a locker. Plaintiff did not initiate any fight against staff members or engage in any other disruptive or threatening behavior to justify any use of force by the staff members.

7.   Defendant Burandt and other Federal Heights police officers were called to the scene after Plaintiff and two companions had been beaten and pinned down to the ground.

8.   Rather than conducting a reasonable investigation into the incident and accurately portraying the events in their police report after watching the Platinum 84 security footage, Defendant Burandt drafted an affidavit with numerous false statements and material omissions, and the affidavit cannot be reconciled with the footage.

9.   As a result of the Defendant's false statements and omission of material exculpatory facts, Plaintiff was charged with Disorderly Conduct and Assault. Plaintiff was exonerated on all charges wrongfully placed against him as a result of the affidavit.

### Background Facts

10.   On April 23, 2021, Defendant and other officers responded to a report of a disturbance in process at Platinum 84, after being advised that Platinum 84 staff were in a fight with guests of the establishment.

11.   After Plaintiff and two companions were detained in handcuffs and removed from the bar, Defendant Burandt and Officer Kottke went to the Platinum 84 manager's office to observe the

security footage.

12. Despite having watched the security footage, Defendant Burandt authored a report that contained numerous false statements and omitted material and exculpatory facts regarding the incident. Defendant's narrative contains the following false statements and material omissions:

    a. Defendant Burandt lied about Plaintiff beginning to fight with Platinum 84 staff members. In fact, the video explicitly shows Plaintiff being shoved and attacked by staff members without initiating any physical altercation.

    b. Defendant Burandt lied about not being able to see Plaintiff being choked in the security footage. In fact, the video explicitly shows Plaintiff being choked by a staff member.

    c. Defendant Burandt lied about not being able to see exactly how or who damaged Plaintiff's nose. In fact, the video explicitly shows Plaintiff being punched in the nose by one of the Platinum 84 staff members.

    d. Defendant Burandt fails to include in his report the narrative explicitly visible in the security footage where Plaintiff is thrown to the ground without initiating any physical altercation, punched in the face, and a Platinum 84 staff member intentionally stomps on Plaintiff, breaking his ankle.

13. Based on Defendant's materially false statements and omissions of facts, Plaintiff was charged with two offenses: (1) Disorderly Conduct, and (2) Assault. Without the false statements and material omissions, the charges against Plaintiff would have never been brought.

14. All claims against Plaintiff were dismissed on September 8, 2021.

15. Plaintiff has suffered greatly. He suffered great bodily injury, loss of work, and attorney's fees for the wrongful initiation and prosecution of criminal charges, indignity and humiliation, psychological damages, damage to his reputation, and the damage done to his constitutional rights

that cannot be adequately repaired. Of note, this sort of police misconduct causes severe damage to the trust that the public has in the police in general, and there is no way to calculate the total damage to society by this sort of police activity.

**CLAIMS FOR RELIEF**
**CLAIM UNDER FEDERAL LAW, 42 U.S.C. §1983**

FIRST CLAIM FOR RELIEF
*Fourth Amendment Violation - Malicious Prosecution*

16.     Plaintiff incorporates by reference herein all preceding allegations set forth in this Complaint.

17.     The applicable elements that must be met to prevail on a §1983 claim for malicious prosecution are, "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) there was no probable cause to support the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Novitsky v. City of Aurora*, 491F.3d 1244, 1258 (10th Cir. 2007).

18.     Malicious prosecution claims require the plaintiff to show those bringing the malicious prosecution did so with "intentional or reckless disregard for the truth." *Fletcher v. Burkhalter*, 605 F.3d 1091, 1095 (10th Cir. 2010).

19.     Here, it is clear that without the multitude of false statements made by the Defendants, as outlined above, Plaintiff would not have been charged with Disorderly Conduct or Assault.

20.     No reasonable officer could have reviewed the surveillance video, as Officer Burandt did, and authored the affidavit with the statements written by Officer Burandt.

21.     The criminal charges stated above terminated in favor of the Plaintiff, and all charges were dismissed.

22. The damages that plaintiff has suffered are outlined above, and include economic loss, attorney's fees, loss of work, loss of constitutional rights, and great embarrassment and humiliation.

**CLAIM UNDER COLORADO LAW, ARTICLE II, SECTION 7**

SECOND CLAIM FOR RELIEF
*C.R.S. §13-21-131 - Malicious Prosecution*

23. Plaintiff incorporates by reference herein all preceding allegations set forth in this Complaint.

24. "The people shall be secure in their persons, papers, homes and effects, from unreasonable searches and seizures; and no warrant to search any place or seize any person or things shall issue without describing the place to be searched, or the person or thing to be seized, as near as may be, nor without probable cause, supported by oath or affirmation reduced to writing." Article II, §7, Colorado Constitution.

25. The Colorado Constitution is more restrictive than the United States Constitution because it provides that the probable cause necessary for issuance of a search warrant must be supported by oath or affirmation reduced to writing. *People v. Marko*, 434 P.3d 618 (Colo.App. 2015).

26. Furthermore, the Colorado Constitution affords greater protections than the United States Constitution.

27. Federal law construing comparable §1983 claims is instructive as the statute has only recently been enacted. See e.g., *Churchill v. Univ. of Colo. At Boulder,* 293 P.3d16, 34 (Colo. App. 2010); and *Ferris v. Bakery, Confectionary & Tobacco Union, Local 26*, 867 P.2d 38, 46 (Colo. App. 1993).

28. As such, the interpretation of the United States Constitutional protections serves as a useful guide for interpreting the parameters of C.R.S. §13-21-131 as applied to Colorado Constitutional

protections.

29.    Therefore, the applicable elements that must be met to prevail on a Colorado constitutional claim for malicious prosecution are, "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) there was no probable cause to support the original arrest, continued confinement, or prosecution; (4)the defendant acted with malice; and (5) the plaintiff sustained damages." *Novitsky v. City of Aurora*, 491F.3d 1244, 1258 (10th Cir. 2007).

30.    Malicious prosecution claims require the plaintiff to show those bringing the malicious prosecution did so with "intentional or reckless disregard for the truth." *Fletcher v. Burkhalter*, 605 F.3d 1091, 1095 (10th Cir. 2010).

31.    Here, it is clear that without the multitude of false statements made by Defendant, as outlined above, Plaintiff would not have been charged with Disorderly Conduct or Assault.

32.    The criminal charges stated above terminated in favor of the Plaintiff, and all charges were dismissed unconditionally.

33.    The damages that plaintiff has suffered are outlined above, and include economic loss, attorney's fees, loss of work, loss of constitutional rights, and great embarrassment and humiliation.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in Plaintiff's favor on each of his respective claims and against Defendant as follows:

   a. Compensatory damages in an amount that will fully and fairly compensate the Plaintiff for his respective injuries, damages, and losses pursuant to 42 U.S.C. §1983, and Section C.R.S. §13-21-131.

6

b.  Punitive damages pursuant to federal and state law as punishment and deterrence against the commission of future such conduct.

c.  Pre- and post-judgment interest.

d.  Reasonable attorneys' fees, expert witness fees, and the cost of this action pursuant to 42 U.S.C. §1988 and any other applicable federal or state law.

e.  Any other relief the Court deems proper and just.

## PLAINTIFF DEMANDS TRIAL TO A JURY ON ALL ISSUES SO TRIABLE

Dated this 5th day of September, 2023.

Respectfully submitted,
BAUMGARTNER LAW, L.L.C.

 *s/ S. Birk Baumgartner*
S. Birk Baumgartner
730 17th Street, Suite 340
Denver, CO 80202
Phone: (303) 529-3476
Fax: (720) 634-1018
birk@baumgartnerlaw.com
*Counsel for Plaintiff*

Plaintiff's address:
c/o Baumgartner Law, LLC
730 17th Street, Suite 340
Denver, CO 80202